## WOOD ET UX. v. MYER ET AL.

### [54 South. 73.]

CHANCERY COURT AND PROCEDURE. *Reformation of deed of trust and fore-closure. Cross bill. Demurrer.*

When a bill in chancery is filed to reform a deed of trust by correcting a mistake in the description of the property covered by same, and to foreclose said deed of trust as reformed; and when defendant filed an answer and cross bill, not denying the mistake in the description of the property, but denying the amount of the indebtedness alleged to be due, and charges fraud and usury and prays for an accounting between the parties litigant. *Held,* that the chancellor erred in sustaining a demurrer to the cross bill, and that the cross bill should have been answered, and the case heard on the proof.

APPEAL from the chancery court of Jones county.

HON. SAM WHITMAN, JR., Chancellor.

This was a bill in the chancery court brought by Alice Lee Myer, administratrix of estate of J. B. Myer, deceased, and D. F. Taylor, trustee, against C. J. Wood and wife to reform and foreclose a deed of trust. Defendants filed an answer and cross bill, to which complainants demurred. The chancellor sustained the demurrer, and granted appellees the relief prayed for. From which judgment appellants appeals.

The facts are fully stated in the opinion of the court.

*Henry Hilbun,* for appellants.

A charge of fraud is made by appellants in their cross bill, which by their demurrer, appellees admit to be true. The law is too well settled to need the citation of authorities that a charge of fraud cannot be met with a demurrer, but must be answered. Appellant C. J. Wood alleges that the agent Myer, E. H. Woodham, a justice of the peace, brought the deed of trust to him while at work in his field and told him, the appellant, that they owed Myer about three hundred and fifty dollars, that he signed the deed of trust relying on the representation of Woodham that the debt was but three hundred and fifty dollars, and that if this amount was incorrect, that Mr. Myer would adjust the matter and make it right. Appellant, C. J. Wood, the wife, says that she is unable to read and write, and that she relied on the representations of the said Woodham that the deed of trust called for three hundred and fifty dollars, and that she would never have signed the deed of trust if she had known at the time that it called for nine hundred and eighty-six dollars. There being a charge of fraud in the very inception of this deed of trust, we submit that it was the duty of the court to overrule the demurrer and hear proof as to the facts in the cause, before fastening upon the property of appellants a lien for an amount which they say positively that they do not owe.

"If a mortgage is procured by fraud practiced on, or undue influence exercised over, the mortgagor, that fact will afford a sufficient defense to a foreclosure suit." 13 A. and E. Ency. of Law, page 816, 2d Ed.

Another ground in appellees' demurrer is that the cross bill admits an indebtedness and no tender is made of the amount. We submit that upon examination of the cross bill it will be clearly seen that there is no in-

debtedness admitted by appellants; that is no definite or settled amount. They attach to their cross bill a state-ment of their account furnished by appellees after this litigation commenced, as Exhibit "A," and say that ad-mitting for the sake of argument that the items and cred-its on this statement are true as stated thereon, that by a simple mathematical calculation of the items and credits as shown by the statement, that they are due the estate of Myer only the sum of seven hundred and twen-ty-six dollars and fifty-three cents. There is no admis-sion, however, that they owe this amount, and therefore no necessity of a tender.

"As a general rule, the same defenses may be made in a suit to foreclose a mortgage which might be made in an action on the debt which the mortgage is given to secure. Besides the defenses specially mentioned in the succeeding sections, it has been held that the mort-gage is excessive or is not due." 27 Cyc., page 1549.

We submit that the court below erred in sustaining the demurrer to appellants' cross bill, and granting the prayer of appellees' bill on the pleadings alone, and respectfully ask that the cause be reversed and re-manded.

*Shannon & Street,* for appellees.

Appellees' demurrer to the cross bill, which demurrer was sustained by the lower court, and a final decree rendered reforming the deed of trust so as to correctly describe the land owned by appellants; no foreclosure was granted complainants in the final decree. From this decree reforming the deed of trust, C. J. Wood and his wife appealed to this court.

From a casual reading of the answer and cross bill it is quite clear that no part of the same is responsive to or denies the allegations referring to the mistake in describing the land in the deed of trust, which certainly entitled complainants, appellees, to a decree reforming

the deed of trust, which was, in fact the sole purpose of the bill, and which was the only relief granted by the lower court.

Counsel for appellants lay great stress on the allegations of fraud contained in the cross bill. In our opinion, the facts alleged in the cross bill fall far short of showing a case of fraud on the part of appellees in obtaining the deed of trust. In the first place, the allegations claiming to show fraud relate to the officer who took the acknowledgment, and not to J. P. Myer, or one of his agents. There is no allegation in the cross bill even intimating that Woodham was the agent of J. P. Myer. He was the officer who took the acknowledgments and was as much the agent of appellants as J. P. Myer. It is not alleged in the cross bill that Woodham uttered untrue statements about the amount named in the note and deed of trust; the strongest allegation in the bill is the one in which C. J. Wood, the husband, says he understood Woodham to say the amount was three hundred and fifty dollars. There is not one allegation in the cross bill which says that Woodham stated the amount was other than the amount named in the deed of trust and note. While the cross bill alleges that one of the appellants can barely read and write, and that the other, the wife, cannot read or write, yet it is not alleged that either of them requested the officer (Woodham) to read either note or deed of trust over to them. But had he done so and read the same incorrectly, we submit it would not have affected J. P. Myer.

We also call the court's attention to the fact that it is no where alleged in the cross bill that the land is worth more than the admitted indebtedness to the estate of J. P. Myer, deceased; or that appellants are able to pay the indebtedness due, or that they will be injured by the reformation or the foreclosure of the deed of trust. It is well settled principal of equity that in order to

obtain relief from the chancery court a party must not only make an equitable showing but that the discovery prayed for would not be useless. 1 Pomeroy, Equity Jurisprudence, p. 242.

ANDERSON, J., delivered the opinion of the court.

Appellee Mrs. Alice Lee Myer, as administratrix for her husband, J. P. Myer, and D. F. Taylor, trustee in a deed of trust executed by appellants, C. J. Wood and his wife, P. J. Wood, in favor of said decedent, J. P. Myer, filed a bill in the chancery court against the appellees to reform said deed of trust, and foreclose it as reformed. Appellants answered the bill, making their answer a cross bill, to which appellees demurred, which demurrer the court sustained, rendering a decree granting appellees the relief prayed for in their bill, from which appellants appeal.

The bill alleges substantially the following facts: That appellants were indebted to J. P. Myer in the sum of nine hundred and eighty-six dollars, and on the 7th of March, 1907, executed their note to him for that amount, due October 1, 1907, and a deed of trust to the appellee Taylor as trustee to secure the same on their land, the N. W. ¼ of the N. E. ¼ of section 9, township 8, range 12; that by mistake of the parties the land was described as N. W. ¼ of N. E. ¼ of section 9, township 8, range 11, which was not owned by appellants; that the note so secured was overdue, nothing having been paid on it.

Appellants in their answer and cross bill do not deny the alleged mistake in the description of the land, but do deny that they are indebted to the estate of J. B. Myer in the amount claimed in the bill; and set up these facts: That they are both ignorant and unlettered; that at the time of the execution of the note and deed of trust in question they were informed by the justice of the peace, who came to them representing Myer, and

who induced their execution, and took the acknowledgments, that the amount of the note was only three hundred and fifty dollars, and they signed them with that understanding, but insisting that even that amount was more than they justly owed, in response to which the justice of the peace stated that Myer would correct any mistake; that whatever sum they were due Myer when the note was executed was for balance due on accounts for merchandise covering a period of several years; that it was impossible for appellants to state what they were actually due, because they never had been able to procure from Myer, though they had often requested it, itemized statements of their accounts, showing the debits and credits; that an account, not itemized, had been furnished them since this suit begun, which itself shows that they did not owe the amount claimed by appellants; that the accounts which were merged into the note contain charges of usurious interest. The prayer is that appellants produce an itemized statement of their account, that all improper charges be stricken from it, and that it be purged of all usury, etc.

The court below erred in sustaining the demurrer to the cross bill, and decreeing the relief asked for by appellees. The cross bill should have been answered, and the case heard on proof. Though the matters of defense relied on are not as definitely set out in the answer and cross bill as they might be, there is sufficient excuse shown for not so doing; the facts being more within the knowledge of appellees than appellants.

*Reversed and remanded.*